IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LOUIS G. ULMER *doing business as*
ULMER CONSTRUCTION,

            Appellant,

v.

CHRISTOPHER FRANK,

            Appellee.

16cv1314
**ELECTRONICALLY FILED**

**MEMORANDUM ORDER**

Before the Court is a *pro se* appeal from an order of the United States Bankruptcy Court for the Western District of Pennsylvania ("Bankruptcy Court") filed by Appellant and Chapter 7 Debtor Louis G. Ulmer, doing business as Ulmer Construction (hereafter, "Ulmer"). *See* Doc. No. 1. On June 16, 2016, Ulmer filed in the Bankruptcy Court an arbitration award relating to a dispute between Ulmer and Appellee Christopher Frank (hereafter, "Frank") that had been arbitrated in the Allegheny County Court of Common Pleas. In an Order dated July 22, 2016, the Bankruptcy Court granted Frank's objection to the filing of the Arbitration Board's award and struck same from the Bankruptcy Court record. *See* Doc. No. 1-5.

In his Revised Notice of Appeal, Doc. No. 1, Ulmer challenges the Bankruptcy Court's July 22, 2016 Order. For the reasons set forth below, Ulmer's appeal will be dismissed.

**I.      Jurisdiction and Standard of Review**

This Court has jurisdiction over the instant appeal pursuant to 28 U.S.C. § 158(a). A district court sits as an appellate court in bankruptcy proceedings. *In re Michael*, 699 F.3d 305, 308 n.2 (3d Cir. 2012); *see also In re Prof'l Mgmt.*, 285 F.3d 268 (3d Cir. 2002) (a district court's jurisdiction is proper as an appeal of the final order of the bankruptcy court under

28 U.S.C. §158(a)).

On appeal from a final order entered by a bankruptcy court, the district court applies the following standards of review:

First, the court reviews a bankruptcy court's findings of fact under a "clearly erroneous" standard. *See Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir.1999). A factual finding is "clearly erroneous" if the reviewing court is "left with a definite and firm conviction that a mistake has been committed." *In re W.R. Grace & Co.*, 729 F.3d 311, 319, n.14 (3d Cir. 2011); *see also Gordon v. Lewistown Hosp.*, 423 F.3d 184, 201 (3d Cir. 2005). Under this standard, the reviewing court must "accept ultimate factual determinations of the factfinder "unless that determination is either (1) completely devoid of minimum evidentiary support displaying some hue of credibility or (2) bears no rational relationship to the supportive evidentiary data." *DiFederico v. Rolm Co.*, 201 F.3d 200, 208 (3d Cir. 2000) (internal quotations and citations omitted).

Second, the court exercises plenary, or *de novo*, review over any legal conclusions reached by the bankruptcy court. *In re Ruitenberg*, 745 F.3d 647, 650 (3d Cir. 2014); *see also Am. Flint Glass Workers*, 197 F.3d at 80.

Third, if a bankruptcy court's decision is a mixed question of law and fact, the court must break down the determination and apply the appropriate standard of review to each. *In re Montgomery Ward Holding Corp.*, 326 F.3d 383, 387 (3d Cir. 2003). The court should "apply a clearly erroneous standard to integral facts, but exercise plenary review of the court's interpretation and application of those facts to legal precepts." *In re Nortel Networks, Inc.*, 669 F.3d 128, 137 (3d Cir. 2011) (citation omitted).

Fourth, a bankruptcy court's exercise of discretion is reviewed for abuse. *In re*

*Friedman's Inc.*, 738 F.3d 547, 552 (3d Cir. 2013). A bankruptcy court abuses its discretion when its ruling rests upon an error of law or a misapplication of law to the facts. *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir. 1999).

## II. Factual and Procedural History

Ulmer commenced the underlying Chapter 7 proceedings on October 9, 2014. *See* Doc. No. 2-2, ¶ 2. In due course, the Trustee in Bankruptcy determined that the case was a "no asset" case. *Id.* Ulmer subsequently received a discharge on October 22, 2015. *Id.*

During the course of the bankruptcy proceedings, Frank presented a "Motion for Relief from Automatic Stay and Objection to Discharge of Creditor's Claim" in which he asserted that Ulmer was indebted to him for personal injuries allegedly sustained by Frank in a physical altercation. Doc. No. 2-2, ¶¶ 3-4. Frank asserted that the debt should be found non-dischargeable pursuant to 11 U.S.C. §523(a)(6) because it involved a willful and malicious injury. *Id.* ¶3. Frank further alleged that his injury was the subject of a counterclaim in a pre-petition civil action filed in the Allegheny County Court of Common Pleas at AR14-003584 (the "State Court Action"). *Id.* The motion sought relief from the automatic stay so that Frank could pursue the matter through the State Court Action. It also sought an order from the Bankruptcy Court excepting Ulmer's alleged debt from discharge. *Id.*

Following a hearing on February 19, 2015, the Bankruptcy Court granted Frank's motion to the extent that it allowed him to prosecute the State Court Action. Doc. No. 2-2, ¶5. The Bankruptcy Court denied Frank's motion to the extent that it determined an adversary proceeding, rather than a motion, was the proper procedural mechanism by which to challenge the dischargeability of Ulmer's alleged debt. *Id.* The denial was without prejudice because Frank had filed his motion well before the deadline for filing an exception to discharge. *Id.*

3

On March 2, 2015, Frank filed Adversary Action No. 15-2042 in an effort to pursue his objection to the discharge of Ulmer's alleged debt.[1]  Doc. No. 2-2, ¶7.  On September 24, 2015, the Bankruptcy Court entered a consent order, which provided, in relevant part, as follows:

1. The parties are permitted to proceed in the Court of Common Pleas of Allegheny County to determine to what [sic], if any, intentional tort occurred concerning the events alleged in AR 14-3584 of the Court of Common Pleas.

2. Upon consent of the parties, on entry of a Judgment by the Court of Common Pleas of Allegheny County, in favor of Christopher Frank and against Louis Ulmer on either of the claims for the intentional torts of assault or battery, such debt shall be EXEMPTED from discharge in [bankruptcy] case 14-24095-TPA as non-dischargeable.

3. Alternatively, upon consent of the parties, on entry of Judgment by the Court of Common Pleas of Allegheny County in favor of Louis Ulmer in Case No. AR-14-003584, the claims of Christopher Frank which fail to specify that an award was due to an intentional tort, such debt shall be included in the discharge issued in [bankruptcy] case 14-24095-TPA.

4. Upon consent of the parties, on entry of a final order, by the Court of Common Pleas of Allegheny County, such final order shall be filed with this court at [bankruptcy] case 14-24095-TPA within 30 days.

Doc. No. 1-1.

A Board of Arbitrators for the Allegheny County Court of Common Pleas subsequently found in favor of Ulmer, following a hearing that was held on May 12, 2016.  *See* Doc. No. 1-3.  On June 16, 2016, Ulmer filed the Arbitration Board's award in the underlying bankruptcy case.  *See* Doc. No. 1-2, p. 2.

Frank then responded with an "Objection to Debtor's Filing of 'Final Award' and Notice of Filing Arbitration Appeal."  *See* Doc. No. 1-2, p. 2.  Frank argued that the Arbitration Board's award should not have been filed in the Bankruptcy Court because it was not a "final order" as contemplated by the September 24, 2015 Consent Order.  *Id.*  Indeed, Frank represented that he

---

[1] Frank initially filed Adversary No. 15-2037 on February 24, 2015, but that proceeding was ultimately closed due to pleading form deficiencies.  *See* Doc. No. 2-2, ¶6.

4

was pursuing a timely appeal of the award and, therefore, the matter was still pending in the Court of Common Pleas of Allegheny County. *Id.*

Following a hearing, the Bankruptcy Judge entered an order on July 22, 2016 granting Frank's objection and striking the Arbitration Board's award from the docket. Doc. No. 1-2. In rendering its ruling, the Bankruptcy Court acknowledged Ulmer's complaint that he had been misled by the court; specifically, Ulmer claimed that the Bankruptcy Court, at some prior, unspecified point in time, had indicated that the Arbitration Board's decision would be final and binding on the matter. *Id.* at p. 2. The Bankruptcy Court indicated in its July 22, 2016 Order that it had reviewed the audio files from previous hearings and confirmed that no such representation had been made. *Id.* at 2-3.

On August 29, 2016, Ulmer filed a Revised Notice of Appeal from the Bankruptcy Court's July 22, 2016 ruling. *See* Doc. No. 1. In his Revised Notice, Ulmer contends that, pursuant to the terms of its September 24, 2016 Consent Order,[2] the Bankruptcy Court was bound to discharge his debt based on the Arbitration Board's ruling. *Id.* Ulmer asks that this Court "correct[ ] the error made by the [B]ankruptcy [C]ourt and make[ ] [his] debt dischargeable . . . ." *Id.* at p. 2.

After filing his Revised Notice of Appeal, Ulmer failed to file a statement of issues on appeal within the time required by Federal Rule of Bankruptcy Procedure 8009(a)(1). *See* Doc. No. 2-1. He also failed to designate the relevant contents of the appellate record. *Id.* Accordingly, on September 28, 2016, the Clerk of the Bankruptcy Court transmitted a partial record for purposes of this appeal. *See* Doc. No. 2.

---

[2] Although Ulmer's Revised Notice of Appeal references the Bankruptcy Court's "September 8, 2015" order, it is clear from context that he is referring to the September 24, 2015 Consent Order.

Pursuant to Federal Rule of Bankruptcy Procedure 8018(a)(1), Ulmer's opening brief was due on October 28, 2016. Ulmer failed to file his brief within this time frame and, on October 31, 2016, this Court entered an order directing Ulmer to show cause, on or before November 4, 2016, for his failure to comply with the foregoing briefing schedule. Doc. No. 4. To date, no response to the Court's "show cause" order has been filed.

### III. Legal Analysis

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim. It provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits.

"Under Rule 41(b), a district court has authority to dismiss an action sua sponte if a litigant fails to prosecute or to comply with a court order." *Qadr v. Overmyer*, No. 15-3090, 642 F. App'x 100, 102 (3d Cir. 2016) (*per curiam*) (citing Fed.R.Civ.P. 41(b)); *see also Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994) (recognizing that a court can dismiss a case sua sponte under Rule 41(b)) (discussing *Link v. Wabash R.R.*, 370 U.S. 626, 632 (1962)).

In deciding whether to dismiss a case for failure to prosecute, courts consider several factors, including: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and respond to discovery; (3) any history of dilatoriness; (4) whether the conduct of the party or the attorney has been willful or in bad faith; (5) whether effective alternative sanctions are available; and (6) the merits of the claim

or the defense. *Qadr*, 642 F. App'x at 102 (citing *Poulis v. State Farm Fire & Cas. Co*., 747 F.2d 863, 868 (3d Cir.1984)); *see also In re New Century TRS Holdings, Inc.,* 619 F. App'x 46, 48 (3d Cir. 2015) ("We review the propriety of the District Court's dismissal of [the subject] bankruptcy appeal for abuse of discretion through the lens of the *Poulis* factors."); *Bembry-Muhammad v. Greenberg*, No. CV 15-8829 (JLL), 2016 WL 4744139 (D.N.J. Sept. 12, 2016) (dismissing bankruptcy appeal based on consideration of *Poulis* factors), *reconsideration denied*, No. CV 15-8829 (JLL), 2016 WL 6246345 (D.N.J. Oct. 24, 2016).

"There is no 'magic formula' or 'mechanical calculation' for balancing the *Poulis* factors, and a District Court need not find all of the factors satisfied in order to dismiss" an action. *Qadr*, 642 F. App'x at 102-03 (citing *Briscoe v. Klaus,* 538, F.3d 252, 263 (3d Cir. 2008)). The decision to dismiss for failure to prosecute is committed to the district court's sound discretion. *See Collinsgru v. Palmyra Bd. of Educ*., 161 F.3d 225, 230 (3d Cir.1998) (reviewing the district court's dismissal for failure to prosecute pursuant for abuse of discretion), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City School Dist*., 550 U.S. 516 (2007).

Based on its review of the aforementioned *Poulis* factors, this Court concludes that a dismissal of the instant appeal is warranted. The Court's analysis of each factor follows.

   A.   A History of Dilatoriness

Ulmer initiated this civil action by filing a Revised Notice of Appeal in the Bankruptcy Court on August 19, 2016. *See* Doc. No. 1-7; *see also* Bankr. Case No. 14-24095-TPA at Doc. No. 75. The Revised Notice of Appeal was subsequently docketed in this Court on August 29, 2016. *See* Doc. No. 1. In the interim, the Clerk of the Bankruptcy Court notified Ulmer of his obligation under Federal Rule of Bankruptcy Procedure 8009 to file: (i) his designation of the portions of the bankruptcy record to be included in the record on appeal and (ii) his statement of

7

issues to be presented. *See* Doc. No. 1-8; *see also* Bankr. Case No. 14-24095-TPA at Doc. 78-1. Ulmer failed to comply with Bankruptcy Rule 8009, despite being notified that his failure to comply might result in the dismissal of his appeal. *See* Doc. No. 1-8. Thereafter, the Clerk of the Bankruptcy Court transmitted a partial record to this Court. *See* Doc. Nos. 2, 2-1, 2-2, 3, 3-1 and 3-2.

As noted above, Ulmer's opening brief on appeal was due October 28, 2016. *See* Doc. No. 2. Ulmer did not file a timely brief, and it is not clear from the existing record whether he had notice of his briefing deadline. Accordingly, this Court entered an Order on October 31, 2016 directing Ulmer to demonstrate good cause why his brief had not been filed. Doc. No. 4. The Order expressly advised that the instant appeal would be dismissed on November 7, 2016 without prejudice if good cause was not shown before November 4, 2016 at noon. *Id.* To date, no response to the Court's "show cause" order has been filed.

In this Court's estimation, Plaintiff's history of dilatoriness demonstrates that he does not intend to proceed with this appeal in a timely fashion.

B. <u>The Extent of the Party's Personal Responsibility</u>

Although Ulmer was represented by counsel in connection with the underlying Chapter 7 bankruptcy case, he is proceeding *pro se* in the instant appeal. There is no indication that his current address of record is inaccurate or that he otherwise failed to receive this Court's October 31, 2016 "show cause" order. Ulmer is therefore solely responsible for his failure to comply with the Court's directive.

C. <u>Prejudice to the Adversary</u>

In *Poulis*, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Frank has been prejudiced to the

8

extent that Ulmer's noncompliance with the briefing schedule and "show cause" order has impeded Frank's ability to obtain a timely adjudication of the merits of the instant appeal.

D.     Whether the Party's Conduct Was Willful or in Bad Faith

As noted, there is no indication on this record that Ulmer's failure to comply with the Court's order was the result of a lack of notice or other excusable neglect. Thus, it appears that his failure in this regard is willful.

E.     Alternative Sanctions

Although Plaintiff was represented by counsel in connection with his Chapter 7 bankruptcy case, he is proceeding *pro se* in this action. His bankruptcy case was previously determined to be a "no assets" case. Given Ulmer's financial situation, it is unlikely that any sanction imposing costs or fees upon him would be effective.

F.     Meritoriousness of the Claim or Defense

The sole issue presented in this appeal is whether the Bankruptcy Court erred in striking the Arbitration Board's ruling from the record and refusing to recognize the ruling as final and binding, given Frank's decision to appeal that ruling to the Court of Common Pleas. In arguing that the Bankruptcy Court erred, Ulmer appears to assert either that the Bankruptcy Court violated the terms of its September 24, 2015 Consent Order, or that the Bankruptcy Court acted contrary to certain, unspecified oral representations. Neither argument appears to have merit.

As to the first argument, Ulmer's position is contradicted by the express language of the Consent Order. As discussed above, the Consent Order provides that Ulmer's alleged debt to Frank would be exempted from discharge in the underlying bankruptcy case only upon entry of a "judgment" by the Allegheny County Court of Common Pleas that is favorable to Frank on either of his claims for assault and/or battery. Doc. No. 1-1, ¶2. Conversely, the court's entry of

a "judgment" favorable to Ulmer would result in the debt being discharged. *Id.* ¶3. The Consent Order further provides that, upon entry of a "final order" by the Court of Common Pleas in the State Court Action, "such final order" shall be filed at the Bankruptcy Court docket. *Id.* ¶4. Pursuant to Pennsylvania law, an arbitration award is not "final," and does not constitute a binding "judgment," until either: (a) the award is confirmed by the Court of Common Pleas or (b) the thirty-day period for appealing the arbitration award has lapsed. *See* Pa. R. Civ. P. No. 1308 (a)(1) (providing a thirty (30) day period for appealing an arbitration award following entry of the award on the state court's docket); Pa. R. Civ. P. No. 1307(c) (stating that, "[i]f no appeal is taken within thirty days after the entry of the [arbitration] award on the [state court's] docket, the prothonotary on praecipe shall enter judgment on the award"). *See also Pirito v. Penn Engineering World Holdings,* 833 F. Supp. 2d 455, 477 (E.D. Pa. 2011) (acknowledging and deferring to "admittedly non-definitive Pennsylvania case law holding that ... arbitral awards are not final judgments while appeals remain pending"); *Novinger Group Inc.v. Hartford Life & Annuity Ins. Co.,* Civil Action No. 1:06-CV-0188, 2008 WL 5378288, at *11 (M.D. Pa. Dec. 23, 2008) ("Pennsylvania law considers an arbitration award to be 'final' in either of two circumstances. Most obviously, an arbitral award is final when it has been judicially confirmed . . . . State law also treats as final an unconfirmed award from which no appeal is taken.[ ]") (internal citation and footnote omitted) (citing *Robbins v. Buck,* 827 A.2d 1213, 1215 (Pa. Super. Ct. 2003), and *Ottaviano v. Se. Pa. Transp. Auth.,* 361 A.2d 810, 814-15 (Pa. Super. Ct. 1976)). Here, Frank has represented that he is pursuing an appeal of the Arbitration Board's award in the Allegheny County Court of Common Pleas. Ulmer does not appear to dispute that an appeal was filed. Accordingly, the Arbitration Board's award was neither a "judgment" nor a "final" court order within the meaning of the September 24, 2015 Consent Order.

Ulmer's second argument is equally unavailing inasmuch as there is no support in the appellate record for his assertion that the Bankruptcy Court verbally indicated that the arbitration award would constitute a final or binding ruling. Ulmer's Revised Notice of Appeal references a court proceeding that was supposedly held on September 8, 2015. Doc. No. 1 at p. 1. According to Ulmer, "Judge Agresti himself said verbally in the courtroom that day go to Arbitration whatever the decision is that it [sic] no appeals, and now he is saying something else." *Id*. Notably, the Bankruptcy Court docket does not reflect that any proceedings were held on September 8, 2015; however, this Court does have certified copies of the proceedings that occurred on February 19, 2015, April 23, 2015, and August 24, 2015. *See* Doc. Nos. 3, 3-1 and 3-2. Having carefully reviewed those transcripts, this Court finds nothing to support Ulmer's claim that the Bankruptcy Judge made representations contrary to the express language of the Consent Order. Even if the Bankruptcy Judge had done so, the clear and unequivocal language of the September 24, 2015 Consent Order would have constituted a superseding ruling.

In sum, the record before this Court suggests that the instant appeal lacks merit. The Court finds no basis in the record for concluding that the Bankruptcy Court's July 22, 2016 ruling was the product of legal error, an abuse of discretion, or a misapplication of law to facts.

G. Summary of the *Poulis* Factors

On balance, this Court finds that the *Poulis* factors weigh in favor of dismissal. The United States Court of Appeals for the Third Circuit has stated that "a district court dismissing a case sua sponte 'should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision.'" *Qadr*, 642 F. App'x at 103 (citing *Briscoe*, 538 F.3d at 258). Before engaging in a sua sponte dismissal, "the district court 'should provide the plaintiff with an opportunity to explain his reasons for failing to prosecute the case or comply with its orders.'" *Id*. (quoting *Briscoe*, 538 F.3d at 258). Ulmer has been given such an

11

opportunity in this case, but he has nevertheless failed to provide any response or explanation that would account for his failure to move this appeal forward. Accordingly, a sua sponte dismissal of the pending appeal is warranted.

### IV. Conclusion

Based upon the foregoing law and authority, the Court hereby **DISMISSES** the instant appeal without prejudice. The Clerk shall mark this case **CLOSED.**

**So Ordered,** this 7th day of November, 2016.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: LOUIS G. ULMER
325 Repp Road
New Kensington, PA 15068

Counsel of record